UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, : : : | |
| Plaintiff, : : | |
| v. : | Civil Action No. _____ |
| : : | |
| Universal Project Management, Inc., and Fluor Enterprises, Inc. : : | |
| Defendants. : : : | |

## COMPLAINT

Plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor, brings this action to enjoin the Defendants, Universal Project Management, Inc., and Fluor Enterprises, Inc., (hereinafter collectively referred to as "Defendants") from violating the provisions of Sections 7 and 15(a)(2) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq., (hereinafter referred to as the "Act"), and to restrain Defendants from withholding payment of overtime compensation found by the Court to be due under the Act to employees, and an equal amount as liquidated damages due to the employees who are named in the attached Exhibit A.

I.

This court has jurisdiction over this action pursuant to sections 16 and 17 of the Act, 29 U.S.C. §§ 216 and 217, and 28 U.S.C. 1331 and 1345.

II.

Defendant, Universal Project Management, Inc. (hereinafter referred to as "UPM") is now, and at all times hereinafter mentioned was, a Texas corporation with a place of business and doing business at 708 Main Street, Suite 850, Houston, Texas 77002, within the jurisdiction of this Court.

III.

Defendant, Fluor Enterprises, Inc. (hereinafter referred to as "Fluor") is now, and at all times hereinafter mentioned was, a Texas corporation, within the jurisdiction of this Court.

IV.

A. At all times hereinafter mentioned, UPM has been an enterprise within the meaning of section 3(r) of the Act, 29 U.S.C. Sec. 203(r), in that UPM has been, through unified operation or common control, engaged in the performance of related activities for a common business purpose. At all times hereinafter mentioned, UPM has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A), in that it has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that it has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

B. At all times hereinafter mentioned, Fluor has been an enterprise within the meaning of section 3(r) of the Act, 29 U.S.C. Sec. 203(r), in that Fluor has been, through unified operation or common control, engaged in the performance of related activities for a common business purpose.

At all times hereinafter mentioned, Fluor has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A), in that it has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that it has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

V.

At all relevant times, Defendants UPM and Fluor were employers who jointly employed, within the meaning of 29 U.S.C. §203, the employees who are named in the attached Exhibit A, and therefore are jointly and severally liable for any back wages and liquidated damages owed to the employees.

VI.

During the period since September 1, 2005, Defendants have violated and are violating the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act for workweeks longer than forty hours without compensating such employees for their employment in excess of forty hours per week at rates not less than one and one-half times the regular rates at which they were employed.

3

VII.

As a result of the violations of the Act, overtime compensation has been unlawfully withheld by the Defendants from their employees.

VIII.

Defendants have violated the Act. A judgment enjoining the alleged violations and restraining the withholding of overtime compensation found to be due the employees is specifically authorized by Section 17 of the Act, 29 U.S.C. § 217.

IX.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants UPM and Fluor as follows:

1. For an Order pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from violating sections 7 and 15(a)(2) of the Act; and,

2. For an Order pursuant to Section 16(c) of the Act finding Defendants jointly and severally liable for unpaid overtime compensation due to Defendants' employees and for the liquidated damages equal in amount to the unpaid compensation found due Defendants' employees listed in the attached Exhibit A (additional liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this Complaint); or in the event liquidated damages are not awarded;

3. For an Order pursuant to Section 17 enjoining and restraining Defendants, jointly and severally from withholding payment of unpaid overtime compensation found due Defendants'

employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621; and,

4. For an Order awarding Plaintiff the costs of this action; and,

5. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

GREGORY F. JACOB
Solicitor of Labor

JANICE L. HOLMES
Acting Regional Solicitor

U. S. Department of Labor
Office of the Solicitor
525 Griffin Street, Suite 501
Dallas, Texas 75202

Telephone: 972/850-3100

MARGARET TERRY CRANFORD
Counsel for Wage and Hour

By: _____

JOSH BERNSTEIN
Trial Attorney
Texas Bar No. 00793335

RSOL Case No. 08-00325

Attorneys for Plaintiff.