**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| HILDA L. SOLIS[1] | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-1517 |
| | § | |
| UNIVERSAL PROJECT MANAGEMENT, INC., *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Fluor Enterprises, Inc. ("Fluor") contracted with the federal government to provide housing and related remedial services to those affected by Hurricane Katrina. Fluor in turn contracted with Universal Project Management, Inc. ("UPM") to provide workers to perform the contract. In this suit, the Secretary alleges that UPM and Fluor violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, by failing to pay 154 of those workers overtime for weeks of more than forty hours between September 2005 and December 2006. The Secretary alleged that the defendants owe these individuals $1,813,662.53. Fluor asserted that the workers were all UPM employees and denied that it is liable as a joint employer.

The general statute of limitations for an FLSA claim is two years. *See* 29 U.S.C. § 255(a). In August 2007, Fluor and UPM entered into an agreement with the Secretary to toll the statute of limitations on the FLSA claims. The Secretary filed the complaint in this suit on May 21, 2008. In February 2009, Fluor moved for partial summary judgment, arguing that all claims that arose before

---

[1] The name of the current Secretary of Labor was automatically substituted under Rule 25(d) of the Federal Rules of Civil Procedure.

May 21, 2006 were barred by limitations because the Secretary breached the tolling agreement. (Docket Entry No. 27). In a memorandum and opinion issued on May 8, 2009, this court denied the motion, concluding that the Secretary's breach was immaterial and that Fluor was not deprived of any expected contractual benefit as a result of the Secretary's failure to provide written notice of her intent to terminate the agreement. (Docket Entry No. 33).

Fluor has moved for an order certifying the May 8, 2009 ruling for interlocutory appeal under 28 U.S.C. § 1292(b) and to stay the case pending appeal. (Docket Entry No. 34). The Secretary responded, (Docket Entry No. 36), and Fluor replied, (Docket Entry No. 37). Based on a careful review of the pleadings; the motion, response, and reply; and the applicable law, this court denies Fluor's motion to certify an interlocutory appeal. The reasons are explained below.

**I.     Background**

In February 2007, the Department of Labor began investigating potential FLSA violations by UPM and Fluor in connection with the work on Fluor's Hurricane Katrina contract. In July 2007, DOL representatives met with Fluor and UPM to discuss the FLSA claims. On August 27, 2007, the Secretary, UPM, and Fluor entered into an "Agreement to Toll the Running of the Statute of Limitations." (Docket Entry No. 27, Ex. A-1) ("Tolling Agreement"). The defendants agreed to toll limitations in exchange for the Secretary's agreement to "withhold filing legal proceedings under the FLSA until notice of termination in the manner set forth in paragraph 4." (*Id.*). The purpose of the Agreement was to give the parties time to exchange and verify information about unpaid wages or any other cause of action under the FLSA asserted by the Secretary or the affected employees and, "if appropriate, to negotiate with respect to such claims and/or causes of action." (*Id.*).

The Agreement stated that the statute of limitations "shall be tolled with respect to any action under the FLSA" against UPM and Fluor "beginning 9/01/2005 (the effective tolling date) through and including 90 calendar days following the sending and transmission of a notice of termination in the manner set forth in paragraph 4 (the termination date)." (*Id.*).  Paragraph 4 stated that any party "may terminate this agreement in the manner set forth herein and the statutes of limitations . . . shall remain tolled until 90 days after the notice has been sent by both regular mail and telefax in accordance with the terms of this Agreement." (*Id.*).  The Agreement stated that the "Secretary may notify" Fluor "of the Secretary's intent to terminate the agreement by sending written notice to Mr. Bob Jones, Senior Vice President, Operations, at the following address and telefax number: . . ." (*Id.*).  "Notice to Mr. Bob Jones, Senior Vice President, Operations will constitute effective notice to Fluor." (*Id.*).

On October 4, 2007, DOL representatives met with counsel for UPM and Fluor to discuss the FLSA claims, exchange information, and negotiate toward settlement.  The claims were not resolved.  The DOL agreed to a two-week extension for Fluor to provide its "final" position on the FLSA claims.  After an additional two-week extension, Fluor told the DOL on November 6, 2007 that it would not pay any of the claimed backwages.  According to the Secretary, after November 2007 "Fluor continued to present information and its legal arguments for consideration" as to why it was not liable for backwages.  (Docket Entry No. 28, at 7).

On May 19, 2008, Fluor's general counsel e-mailed the Secretary's counsel, stating: "I have learned that DOL may have filed a complaint in this matter or may have contemplated doing so.  I was hoping to have a dialogue with you before that happens." (Docket Entry No. 28, Ex. C).  The Secretary's counsel had opened a new civil case on the court's electronic filing system on May 15,

3

2008. Although this case name and civil action number are on the CM/ECF system as of May 15, 2008, no complaint was filed on that date. In opposing summary judgment, the Secretary asserted that the complaint was not filed until May 21, 2008 and that the May 15 date "is an artifact of the e-filing system and simply reflects the date that the Secretary's counsel opened his new e-filing account with the [court] and in doing so included optional information concerning the unfiled action." (Docket Entry No. 31, at 2). At the motion hearing, Fluor argued that this explanation was disingenuous because the Secretary's counsel had opened his e-filing account in January 2008. Fluor submitted a "Courthouse News Service" notice that it received on May 16, 2008, which included this case style and civil action number among the style and number for other newly filed cases. The notice of newly filed cases on May 15, 2008 included "Elaine Chao v. Universal Project Management Inc.; Fluor Enterprises Inc. 5/15/2008 H-08-01517 (Houston)." (Docket Entry No. 29, Ex. A). The case summary stated: "Fair Labor Standards Act violation in which the defendants failed to pay the plaintiff overtime rates for hours she worked in excess of 40 per week." (*Id.*). Fluor asserted that the "Courthouse News" notice alerted its general counsel to the fact that this case had been filed, prompting the May 19, 2008 email. (Docket Entry No. 29, at 6).

In moving for partial summary judgment, Fluor argued that the Secretary breached the Tolling Agreement because she failed to provide notice of intent to terminate the Agreement before she filed this suit. Fluor argued that the breach was material because the lack of notice that the Agreement was terminated deprived Fluor of a final opportunity to "discuss the decision with the Secretary and to engage in final negotiations before the suit was filed." (Docket Entry No. 29, at 10). Fluor contended that the Secretary's breach excused Fluor from its obligation to toll limitations and that all claims arising before May 21, 2006 were barred.

4

This court denied Fluor's motion, holding that "the Secretary's failure to provide notice of termination as required in the Tolling Agreement breached the Agreement, but not materially." (Docket Entry No. 33, at 14). The record showed that Fluor had, and used, multiple opportunities to attempt to resolve the FLSA claims during the tolling period. "The lack of notice did not deprive Fluor of the benefit it expected under the Agreement, to give the parties 'time to exchange and verify information' with respect to the FLSA claims 'and if appropriate, to negotiate' those claims." (*Id.*). The breach was immaterial because Fluor remained in the same position it would have occupied had the Secretary complied with the written notice obligation in the Tolling Agreement. As a result, the Secretary's breach of the notice provision of the Tolling Agreement did not discharge Fluor of its obligation to toll the statute of limitations. Fluor's motion to certify that ruling for interlocutory appeal followed.

**II.     The Legal Standard**

Under 28 U.S.C. § 1292(b), a district court may issue a certification for an interlocutory appeal when "there is substantial ground for difference of opinion and [ ] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "Section 1292(b) appeals are exceptional. They are permitted only when there is a substantial difference of opinion about a controlling question of law and the resolution of that question will materially advance, not retard, ultimate termination of the litigation." *Clark-Dietz & Assocs. v. Basic Constr. Co.*, 702 F .2d 67, 69 (5th Cir. 1983). "[F]act-review questions" are "inappropriate for § 1292(b) review." *Id.* "[T]here must be substantial ground for difference of opinion over the controlling question of law for certification under § 1292(b)." *Ryan v. Flowserve Corp.*, 44 F.Supp.2d 718, 723 (N.D. Tex. 2006). "But simply because a court is the first to rule on a question

5

or counsel disagrees on applicable precedent does not qualify the issue as one over which there is substantial disagreement." *Id.* (citing 4 AM.JUR.2D APPELLATE REVIEW § 128 (2005)). A "key concern consistently underlying § 1292(b) decisions is whether permitting an interlocutory appeal will 'speed up the litigation.'" *Id.* (citing *Ahrenholz v. Bd. of Trustees of the Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000)). Unless all the statutory criteria are satisfied, "a district court may not and should not certify its order . . . for an immediate appeal under [§ ] 1292(b)." *Ahrenholz*, 219 F.3d at 676.

## III. Analysis

Fluor argues that this court's denial of the motion for partial summary judgment involves a controlling question of law as to which there is a substantial difference of opinion. Fluor asserts that this court's ruling raised the legal question of whether the Secretary's promise to give notice under the Tolling Agreement was an illusory promise, making the Agreement an unenforceable unilateral contract. Fluor argues that the promise was illusory because "it contains no binding obligations on the part of the Secretary (other than her promise to provide notice, which the Secretary made no attempt to perform)." (Docket Entry No. 34, at 9).

Fluor also argues that there is a substantial difference of opinion as to whether, as this court ruled, the Secretary's breach excused Fluor's obligation to perform under the Agreement. Under Texas law, one party's breach of a mutually dependent promise will excuse the performance of the other party. Fluor contends that the Secretary had one obligation under the Tolling Agreement – to provide notice of intent to terminate before filing suit – and that her failure to fulfill that obligation excuses Fluor's contract performance. Fluor relies on Texas cases stating that "when one party commits a material breach of mutually dependent, reciprocal promises in a contract, the other

6

party is discharged or excused from further performance." (Docket Entry No. 34, at 12). Fluor asserts that its promise to toll the limitations period and the Secretary's promise to withhold filing suit until she gave notice that she intended to do so were mutually dependent promises. Fluor argues that because the Tolling Agreement involved a "one for one" promise and it is undisputed that the Secretary did not fulfill her one promise, the Secretary's breach excused Fluor from its one promise to toll the statute of limitations. Fluor asserts that this court's holding, juxtaposed with the Texas cases Fluor cites, raised a substantial difference of opinion as to whether the Secretary's breach excused Fluor from its promised performance. Fluor argues that the cases cited in this court's memorandum and opinion are distinguishable because they involved immaterial breaches of one promise among several other contractual promises by the breaching party, while in the present case, the Secretary had only one contractual obligation.

The criteria for certification under Section 1292(b) are not met. This court's holding that the Secretary's breach was immaterial involved applying the law to the facts in the record, which is not appropriately resolved on interlocutory appeal. *See Stoffels v. SBC Communications*, 572 F.Supp.2d 809, 811 (W.D. Tex. 2008) ("[P]ermissive interlocutory appeals are not proper for determinations that involve application of law to fact."). Fluor has not demonstrated how this court's ruling raised a substantial difference of opinion on a controlling question of law. Contrary to Fluor's argument, the issues raised by its motion for partial summary judgment were not uncertainties as to the law that applies. Instead, the issues were what consequences resulted from applying clear Texas contract law to the evidence in the record as to the Agreement and the parties' actions.

The Tolling Agreement required the Secretary to provide notice of termination before filing suit against Fluor. The Secretary breached that promise. Fluor argues that there is a substantial

7

question as to whether the Secretary's promise was illusory. That argument fails to provide a basis for a permissive interlocutory appeal. Texas law is clear that a contractual promise is illusory when it fails to bind the promisor, who retains the option of discontinuing performance. *Light v. Centel Cellular Co. of Tex.*, 883 S.W.2d 642, 645 (Tex. 1994), *modified by Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson*, 209 S .W.3d 644 (Tex. 2006). Applying this clear Texas rule to the facts of this case is not an appropriate basis for an interlocutory appeal. And the fact that this court found the Secretary's failure to provide notice was an immaterial breach – because Fluor was not deprived of the expected benefit and received some notice of the termination – does not make the Secretary's contractual promise illusory or nonbinding. Similarly, Fluor's argument about mutually dependent promises does not provide a basis for an interlocutory appeal. The Texas law Fluor cites is clear and supports this court's conclusion that the breach was immaterial and did not excuse Fluor's performance obligation. Texas law is clear that one party's breach of a mutually dependent promise will excuse the other party's performance. Texas law is also clear that only a material breach excuses the nonbreaching party's performance; an immaterial breach does not. These two principles of contract law are not mutually exclusive. The cases Fluor cites expressly recognize that when a party *materially* breaches a contractual promise – including one that is a mutually dependent, reciprocal promise – the other party is excused from performing. *See, e.g., Tenn. Gas. Pipeline Co. v. Technip USA Corp.*, 2008 WL 3876141, at *22 (Tex. App.—Houston [1st Dist.] August 21, 2008, pet. granted) ("Generally, it is a fundamental principle of contract law that when one party commits a *material* breach of mutually dependent, reciprocal promises in a contract, the other party is discharged or excused from further performance.") (emphasis added); *Export Worldwide, Ltd. v. Knight*, 2007 WL 628746, at *10 (W.D. Tex. Feb. 27, 2007) ("The Court finds that Plaintiff was

excused from performance because Defendants *materially* breached the contract. . . . The failure of Defendants to deliver the release and pay Plaintiff $85,000 was a *material* breach of the settlement agreement.") (emphasis added); *D.E.W., Inc. v. Depco Forms, Inc.*, 827 S.W.2d 379, 382 (Tex. App.—San Antonio, 1992, no writ) ("The jury found that DEPCO breached a *material* term of the contract, hence a *material* breach occurred.") (emphasis added). This court's ruling did not raise a substantial difference of opinion on a controlling question of law.

Fluor's arguments distinguishing the cases cited in this court's memorandum and opinion do not show a substantial difference of opinion about a controlling question of law. Fluor argues that the Secretary's only obligation under the Agreement was to give notice before filing suit and that this was a "one for one promise." But the Agreement is not limited to obligating the Secretary to give notice of termination before filing suit. Instead, the Agreement states that it was "necessary" to give the parties time to exchange and verify information about unpaid wages or any other cause of action under the FLSA and "if appropriate, to negotiate with respect to such claims and/or causes of action." (Docket Entry No. 27, Ex. A-1). The Secretary delayed filing suit for nearly a year, allowing Fluor to gather and verify information and to attempt to persuade the Secretary against filling suit. Even assuming, without deciding, that the Agreement only imposed one obligation on the Secretary, none of the cases Fluor cites disagree with the "fundamental principle of contract law" that "a material breach by one contracting party excuses performance by the other party, and an immaterial breach does not." *PAJ, Inc. v. Hanover Insurance Co.*, 243 S.W.3d 630, 636–37 (Tex. 2008) (citing *Hanson Prod. Co. v. Ams. Ins. Co.*, 108 F.3d 627, 630-31 (5th Cir. 1997)). Fluor's argument that this court erred in applying this fundamental principle to the contract at issue here is not an appropriate ground for an interlocutory appeal.

9

In addition, a Section 1292(b) appeal is inappropriate because it will not speed up this litigation. "Generally, this requirement is met when resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." *Clark Construction Group v. Allglass Systems*, 2005 WL 736606, at *4 (D. Md. Mar. 30, 2005). When a court rules on a motion for partial summary judgment that does not resolve even all liability issues, an interlocutory appeal may leadsto piecemeal litigation and delay, not advance, the litigation. *See Clark*, 2005 WL 736606, at *4 ("Certifying the action for review before damages have been determined would likely result in one appeal on the liability issue and a separate appeal on the damages issue. Creating a situation necessitating two separate appeals is a waste of judicial resources and should be avoided if possible.") (quotation omitted). Fluor's motion for partial summary judgment did not address its alleged liability as a joint employer or the amount of overtime backwages within the limitations period. Those issues would need to be resolved regardless of how an appeal from the denial of Fluor's motion for partial summary judgment might be resolved. The certification for interlocutory appeal and stay pending appeal that Fluor seeks will delay, not advance, this litigation.

**IV.   Conclusion**

Fluor's motion for certification for interlocutory appeal is denied.

SIGNED on July 6, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge