**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **HILDA L. SOLIS, Secretary of Labor,** | § | |
| **United States Department of Labor,** | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **UNIVERSAL PROJECT** | § | |
| **MANAGEMENT, INC., and FLUOR** | § | **NO. 4:08-CV-01517** |
| **ENTERPRISES, INC.,** | § | |
| **Defendants** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **TOM CRUM and V.L. KIMBRELL** | § | |
| **Third-Party Defendants** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **UNIVERSAL PROJECT** | § | |
| **MANAGEMENT, INC.** | § | |
| **Cross-Defendant** | § | |

## DEFENDANT FLUOR ENTERPRISES, INC.'S RESPONSE TO THIRD PARTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT

Defendant Fluor Enterprises, Inc. ("Fluor") files this its Response to Third Party Defendants' Motion for Summary Judgment and Brief in Support.

### I.
### INTRODUCTION

Third Party Defendants, Tom Crum ("Crum") and V.L. Kimbrell ("Kimbrell"), have moved for summary judgment on Fluor's third-party claims against them based upon one, and only one, ground: Third-Party Defendants claim they are not "employers" under the Fair Labor Standards Act ("FLSA").  However, Third-Party Defendants have not offered any summary

judgment evidence in support of their position, much less established as a matter of law that they do not fall under the FLSA's definition of employer.   As a result, and because Fluor has nevertheless offered summary judgment evidence that would, *at least*, create a genuine issue of material fact as to Third-Party Defendants' status as an "employer" under the FLSA, summary judgment should be denied.

## II.
## FACTS RELEVANT TO MOTION FOR SUMMARY JUDGMENT

The Secretary of Labor (the "Secretary) instituted this action against Fluor and Universal Project Management, Inc. ("UPM"), claiming that Defendants, under a "joint employer" theory, violated the FLSA by failing to pay 154 individuals ("Claimants") overtime pay between September of 2005 and December of 2006, under a contract where Fluor, as the general contractor, contracted with UPM to provide sub-contractors in support of the post Hurricane Katrina clean-up efforts (the "UPM/Fluor Contract").   UPM has ceased doing business, and its assets were confiscated by landlords or disposed of in various methods.   [Kimbrell Dep., p. 21:17-22 (the depositions excerpts cited herein are attached hereto as Exhibit 1)].

Fluor brought third-party claims against Crum and Kimbrell, pursuant to 29 U.S.C. § 203(d), as corporate officers of UPM, who were acting directly or indirectly in the interest of UPM in relation to the individual Claimants.   Crum and Kimbrell were owners and the President/CEO and Vice-President, respectively, of UPM during the period of time the Secretary claims that Claimants were paid in violation of the FLSA.   [Crum Decl., ¶ 1;[1] Kimbrell Decl., ¶ 1;[2] Kimbrell Dep., pp. 12:6-10; 13:3-20].   Crum's responsibility in relation to the UPM/Fluor Contract was the overall profit and loss and execution of the company, and Kimbrell reported to Crum regarding matters involving the UPM/Fluor Contract [Kimbrell Dep., pp. 17:9-20; 19-25;

---

[1] The Declaration of Tom Crum is attached to Third-Party Defendants' Motion for Summary Judgment.
[2] The Declaration of V. L. Kimbrell is attached to Third-Party Defendants' Motion for Summary Judgment.

**DEFENDANT FLUOR ENTERPRISES, INC.'S RESPONSE TO THIRD PARTY**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT – Page 2**

20:5-16].  The UPM group performing under the UPM/Fluor contract reported directly to Gary Ridgeway ("Ridgeway"), who reported directly to Kimbrell [Kimbrell Dep., p. 18: 11-25; 19:1-5].

Kimbrell personally negotiated and signed the UPM/Fluor Contract on behalf of UPM, and testified to being involved in setting the Claimants' rate of pay under the UPM/Fluor Contract [Kimbrell Dep., pp. 31:13-24; 35:5-7; 46:8-25; 47:1-16; 143:6-11].  Kimbrell and Crum, together with Ridgeway, had many discussions regarding paying overtime to Claimants and their appropriate rate of pay [Kimbrell Dep., pp. 55:1-13; 81:5-8; 82:9-25].  Additionally, Kimbrell and Crum would visit the worksites of Claimants, and Kimbrell had conversations with Claimants at the worksites regarding overtime and their rate of pay [Kimbrell Dep., pp. 106:6-25; 107:1-23].  Kimbrell also had discussions with Claimants regarding their rate of pay when they were hired [Kimbrell Dep., pp. 118:22-25; 119:1-11; 121:15-20].

Moreover, both Kimbrell and Crum signed task orders for the period of time the Secretary claims that Claimants were paid in violation of the FLSA, affecting and directing the work to be preformed under the Fluor/UPM Contract.  [Kimbrell Dep., pp. 160:3-25; 161-164;165:1-13; Task Order dated September 6, 2005 signed by Kimbrell and Task Order dated September 15, 2005 signed by Crum, both of which are attached hereto as Exhibit 2].[3]

Within their Declarations attached to their Motion for Summary Judgment, both Crum and Kimbrell admit to negotiating the UPM/Fluor Contract and to interacting, corresponding, contacting, and negotiating with Claimants on behalf of UPM [Crum Decl., ¶¶ 2-3; Kimbrell Decl., ¶¶ 2-3].

---

[3] The Task Orders attached hereto as Exhibit 2 are also Exhibit 3 to the Kimbrell Deposition.

## III.
## ARGUMENT & AUTHORITY

**A.     Summary Judgment Standard**

Rule 56(c) of the Federal Rules of Civil Procedure allows summary judgment when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  All of the facts and evidence must be taken in a light most favorable to the non-movant.  *LeMaire v. La. Dep't. of Trans. And Dev.*, 480 F.3d 383, 386 (5th Cir. 2007).  As long as there appears to be some support for the disputed allegations such that reasonable minds could differ as to whether the allegation is true, the motion must be denied.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

A defendant who seeks summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact by either submitting summary judgment evidence that negates the existence of a material element of the plaintiff's claim or by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrates the absence of evidence to support a material element of the plaintiff's claim.  *See Celotex*, 477 U.S. at 323; *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998).  If the defendant has satisfied its initial burden, the plaintiff, by its own summary judgment evidence, must set forth specific facts showing a genuine issue for trial.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Here, Third-Party Defendants have failed to meet their burden of demonstrating that they are not employers as a matter of law under the FLSA.  Additionally, however, Fluor has offered summary judgment evidence establishing, at the very least, a genuine issue of material fact exists

as to Third-Party Defendants' status as employers under the FLSA.

**B.**     **Third-Party Defendants Have Not Established That They Are Not Employers Under The FLSA**

Third-Party Defendants argue that they should not be deemed to be an "employer" under the FLSA because (1) there are no facts to support the traditional common law doctrines typically necessary to pierce the corporate veil; and (2) the FLSA was not drafted to hold individuals liable "by virtue of their title and their efforts to do their job for the corporation." (Motion, p. 3-4).  However, traditional common law applications typically used to pierce the corporate veil are not necessary to hold Third-Party Defendants individually liable under the FLSA, and the FLSA was indeed intended to allow individuals such as Third-Party Defendants to be liable for FLSA violations.

Despite Third-Party Defendants' assertions to the contrary, an employer under the FLSA is not merely the person or entity that directly contracted with or paid wages to the employees. Rather, an employer under the FLSA includes "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d); *see also Donovan v. Hamm's Drive Inn*, 661 F.2d 316, 318 (5th Cir. 1981) (finding corporate president and vice-president to be employers and subject to injunctive relief because they "act and have acted, directly and indirectly, in the interest of the defendant corporation in relation to its employees.").

It has long been recognized within the Fifth Circuit that "[t]he remedial purposes of the FLSA requires courts to define 'employer' more broadly than the term would be interpreted in traditional common law applications."  *McLaughlin v. Seafood, Inc.*, 867 F.2d 875, 877 (5th Cir. 1989) (emphasis added).   The term "employer" includes "individuals with managerial responsibilities and substantial control over the terms and conditions of the [employee's] work." *Lee v. Coahoma County*, 937 F.2d 220, 226 (5th Cir. 1991) (quoting *Falk v. Brennan*, 414 U.S.

190, 194 (1973)).  An individual with managerial responsibility deemed to be an employer under the FLSA may be jointly and severally liable for damages resulting from the failure to comply with the FLSA.  *Id.* (citing *Donovan v. Grim Hotel, Inc.*, 747 F.2d 966 (5th Cir. 1984), *cert. denied*, 471 U.S. 1124 (1985)).

Based upon the well-settled legal principles set forth above, including binding United States Supreme Court and Fifth Circuit precedent, Third-Party Defendants have not offered any summary judgment evidence to establish, as a matter of law, they are not employers under the FLSA, and they have not offered any evidence to show they did not have managerial responsibilities and substantial control over the terms and conditions of the individual Claimants. In fact, the summary judgment evidence establishes just the opposite: (1) Crum was the President of UPM during the period of time the Secretary alleges Claimants were not properly paid under the FLSA [Crum Decl., ¶1]; (2) Kimbrell was the Vice-President of UPM during the period of time the Secretary alleges Claimants were not properly paid under the FLSA [Kimbrell Decl., ¶ 1]; (3) both Third-Party Defendants admit to negotiating the UPM/Fluor Contract [Crum Decl., ¶ 2; Kimbrell Decl., ¶2]; and (4) both Third-Party Defendants admit to interacting, corresponding, contacting, and negotiating with Claimants on behalf of UPM [Crum Decl., ¶ 3; Kimbrell Decl., ¶3].  Construing these facts and this evidence in a light most favorable to Fluor, as the Court is required to do in the summary judgment context, Third-Party Defendants have not met their burden to establish that, as a matter of law, they are not "employers" under the FLSA.

Moreover, the only other summary judgment evidence offered by Third-Party Defendants is that they did not *personally* employ, pay wages to, or enter into any contracts or agreements with Claimants, and that all of their actions relevant to this matter were taken in their capacity as a representative and on behalf of UPM.  [Crum Decl., ¶¶ 2-3; Kimbrell Decl., ¶¶ 2-3].  None of

the foregoing statements, however, establish that Third-Party Defendants did not have managerial responsibilities or substantial control over the terms and conditions of Claimants' work.

Accordingly, Third-Party Defendants' summary judgment evidence, arguments, and authorities are simply insufficient to establish that they are not employers under the FLSA.

**C.    Alternatively, A Fact Question Exists as to Third-Party Defendants' Status As An Employer**

Although Third-Party Defendants have failed to meet their burden to establish that, as a matter of law, they are not employers under the FLSA, Fluor has nonetheless attached and made a part of the summary judgment record excerpts from the deposition of Kimbrell, which establish that, at the very least least, a genuine issue of material fact exists as to whether Third Party Defendants should be considered employers under the FLSA.  Specifically:

- Third Party Defendants were owners of UPM from September of 2005 through December of 2006 [Kimbrell Dep., p. 13:3-13];

- Crum was CEO of UPM from September of 2005 through December of 2006 [Kimbrell Dep., p. 13:14-20];

- Kimbrell was Vice-President of UPM from 2001 until December of 2007 [Kimbrell Dep., p. 12:6-10];

- Crum's responsibility in relation to the UPM/Fluor Contract was the overall profit and loss and execution of the company [Kimbrell Dep., p. 20:5-16];

- Kimbrell reported to Crum from September of 2005 through December of 2006, and reported to Mr. Crum regarding matters involving the UPM/Fluor Contract [Kimbrell Dep., pp. 17:9-20; 19-25];

- The UPM group performing under the UPM/Fluor Contract reported directly to Ridgeway, who reported directly to Kimbrell [Kimbrell Dep., p. 18: 11-25; 19:1-5];

- Kimbrell was involved in negotiating the UPM/Fluor Contract and personally negotiated the contract [Kimbrell Dep., p. 31:13-24; 35:5-7];

- Kimbrell signed the UPM/Fluor Contract [Kimbrell Dep., pp. 143:6-11];

- Kimbrell testified to being involved in setting the rate of pay to Claimants under the UPM/Fluor Contract [Kimbrell Dep., pp. 46:8-25; 47:1-16];

- Kimbrell had many conversations with Ridgeway regarding the Claimants' appropriate rate of pay [Kimbrell Dep., 55:1-13];

- Kimbrell and Crum, together with Ridgeway, had many discussions regarding paying overtime to Claimants [Kimbrell Dep., 81:5-8; 82:9-25];

- Kimbrell and Crum would visit the worksites of Claimants, and Kimbrell had conversations with Claimants at the worksites regarding overtime and their rate of pay [Kimbrell Dep., pp. 106:6-25; 107:1-23];

- Kimbrell had discussions with Claimants regarding their rate of pay when they were hired [Kimbrell Dep., pp. 118:22-25; 119:1-11; 121:15-20]; and

- Kimbrell and Crum signed task orders for the period of time the Secretary claims that Claimants were paid in violation of the FLSA, affecting and directing the work to be preformed under the Fluor/UPM Contract [Kimbrell Dep., pp. 160:3-25; 161-164;165:1-13; Task Order dated September 6, 2005 signed by Kimbrell and Task Order dated September 15, 2005 signed by Crum, both of which are attached hereto as Exhibit 2].

The deposition excerpts and the Task Orders signed by Crum and Kimbrell referred to above establish that Third-Party Defendants were corporate officers with operational control over UPM's performance of the UPM/Fluor Contract and should therefore be considered employers under the FLSA. *See Donovan*, 747 F.2d at 972 ("the overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.").

## IV.
## CONCLUSION

For the reasons and authorities set forth above, the Court should find that Third-Party Defendants Tom Crum and V.L. Kimbrell have not met their burden to establish as a matter of

law that they are not "employers" under the FLSA and, at least, a genuine issue of material fact exists as to Third-Party Defendants' status as employers under the FLSA.  Accordingly, Third-Party Defendant's Motion for Summary Judgment should be denied.

Dated July 29, 2009                     Respectfully submitted,


                                        */s/ Robert F. Friedman*
                                        Robert F. Friedman (Attorney-in-Charge)
                                        Texas Bar No. 24007207
                                        Southern District Bar No. 38262
                                        **LITTLER MENDELSON**
                                        A PROFESSIONAL CORPORATION
                                        2001 Ross Avenue
                                        Suite 1500, Lock Box 116
                                        Dallas, TX  75201.2931
                                        214.880.8100 (Telephone)
                                        214.880.0181 (Telecopier)
                                        rfriedman@littler.com

                                        ATTORNEYS FOR DEFENDANT FLUOR
                                        ENTERPRISES, INC.


## CERTIFICATE OF SERVICE

I hereby certify that on 29th day of July, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to any non-CM/ECF participants identified at the time of electronic filing.


                                        */s/ Robert F. Friedman*
                                        Robert F. Friedman

**DEFENDANT FLUOR ENTERPRISES, INC.'S RESPONSE TO THIRD PARTY
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT – Page 10**