**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| HILDA SOLIS, *Secretary of Labor*, § <br> *United States Department of Labor*, § <br> § <br> Plaintiff, § <br> § <br> v. §     CIVIL ACTION NO. H-08-1517 <br> § <br> UNIVERSAL PROJECT MANAGEMENT, § <br> INC., *et al.*, § <br> § <br> Defendants. § | |

**ORDER ENTERING DEFAULT, DEFAULT JUDGMENT, AND INJUNCTION**

The plaintiff has moved for entry of default and for default judgment. This civil action was filed on May 21, 2008. On August 20, 2008, the defendant, Universal Project Management, Inc., was served with a copy of the Summons and Complaint. The plaintiff has filed proof of service on Universal Project Management, Inc. Universal Project Management Inc. has not answered, appeared, or raised any defenses to the allegations in the complaint. The plaintiff has submitted a declaration in support of its claim that Universal Project Management, Inc. has withheld $1,813,662.53 in unpaid overtime compensation due to its employees, and that the employees are due $1,813,662.53 in liquidated damages, for a total of $3,627,325.06.

The defendant, Universal Project Management, Inc., has failed to answer the complaint as required by Rule 12, Fed. R. Civ. P., making entry of default against it proper. The plaintiff has filed a declaration in support of its claim for liquidated damages and an injunction. The plaintiff has also sent defendant notice of the motion for entry of default and default judgment. Further notice

to the defendant and further hearings are not necessary. Rule 55(b)(2), Fed. R. Civ. P. The motion for entry of default is granted.

This court concludes that the plaintiff has established its entitlement to default judgment against the defendant Universal Project Management, Inc.

Defendant Universal Project Management Inc., its officers, agents, servants, employees, and all persons in active concert or participation with it, are permanently enjoined and restrained from violating the provision of §§ 7 and 15(a)(2) of the Fair Labor Standards Act of 1938, as amended, 28 U.S.C. § 201, *et seq*., as follows:

- Defendant Universal Project Management, Inc. may not, contrary to §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), employ any employee in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for work weeks longer than 40 hours, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed.

- Defendant Universal Project Management, Inc. may not, contrary to §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), fail to make, keep and preserve adequate and accurate records of the persons employed by them, and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations issued by the Administrator of the Employment Standards Administration, United States Department of Labor (29 C.F.R. Part 516).

Universal Project Management, Inc., pursuant to § 16(c) of the Act, is liable for unpaid overtime compensation due to its employees, in the amount of $1,813,662.53 for the period from September 1, 2005 through December 31, 2006, and for the liquidated damages equal in amount to the unpaid compensation found due its employees identified in the attached Exhibit "A", in the amount of $1,813,662.53, for a combined total of $3,627,325.06.

Within 60 days from entry of this judgment, Universal Project Management, Inc. must deliver to the plaintiff a cashier's or certified check, made payable to "Employment Standards Administration - Labor," in the total amount of $3,627,325.06. The plaintiff will distribute the proceeds to the defendants' employees identified in the attached Exhibit "A". Universal Project will remain liable for the employers' portion of any applicable income tax. Within 3 years after the payment pursuant to this judgment, any amounts that have not been distributed to such employees, or to their estates if necessary, because of the plaintiff's inability to locate the proper persons, or because of their refusal to accept the sums, will be deposited with the Treasurer of the United States.

Neither the filing of this action nor the entry of this judgment is a bar to the right of Universal Project Management, Inc.'s employees not named in the attached Exhibit "A" to bring an action under § 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 215(b). The statute of limitations for any such action is tolled during the pendency of this action.

This action covers the period from September 1, 2005 through December 31, 2006. The filing of this complaint and default judgment does not affect the legal rights of the Secretary of Labor or of any employees of Universal Project Management, Inc. in any action arising under the Act covering violations alleged to have occurred after December 31, 2006.

      The costs of this action are taxed against Universal Project Management, Inc.

    SIGNED on September 3, 2009, at Houston, Texas.

                                            Lee H. Rosenthal
                                      United States District Judge